IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADRIAN RICHMOND,

    Plaintiff,

v.

CRETE CARRIER CORPORATION,

    Defendant.

Case No. 04 C 6903

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Crete Carrier Corp.'s Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and Motion for a Declaration of Controlling Law as Michigan law.

### I. BACKGROUND

This diversity action arises from an automobile accident which occurred on March 12, 2004. On that day, Plantiff, an Illinois resident, was driving through Michigan on Eastbound Interstate 94. Plaintiff and a passenger were making a delivery for Plaintiff's employer Northwest Package of Illinois. The police report indicates that it was snowing and the highway was slippery and somewhat icy. Plaintiff's car was allegedly forced off the road by a semi-truck, which did not stop at the scene of the accident. An eyewitness, Joanne Lyles (hereinafter, "Lyles"), a Michigan resident, identified the semi-truck as Defendant's based on specific observed markings. Plaintiff's car rolled over multiple times and Plaintiff was ejected from the car and propelled approximately 30 feet.

Plaintiff initially received in-patient medical treatment at a Kalamazoo, Michigan hospital and was transferred on June 2, 2004 to a Chicago, Illinois rehabilitation hospital. Plaintiff continues to receive extensive outpatient treatment in Chicago. Plaintiff's injuries were severe and included multiple fractures, joint contractures, nerve damage, loss of eyesight, and loss of mobility. Plaintiff has not fully recovered and acknowledges that his slow progress is partly due to a preexisting cardiac condition unrelated to the accident.

Plaintiff initially filed this suit in the Circuit Court of Cook County on August 6, 2004. The case was subsequently removed to the District Court for the Northern District of Illinois on October 27, 2004. The complaint seeks damages based on theories of negligence as a result of the collision. Defendant's answer raised several affirmative defenses including failure to wear a seat belt, contributory negligence, and Act of God.

## II. **MOTION TO TRANSFER VENUE**

### A. **Standard**

Under 28 U.S.C. § 1404(a), a court may transfer a case if the moving party shows that: (1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. Since neither party disputes that the first two elements have been satisfied, the Court's analysis will focus

on whether the Northern District of Illinois or the Western District of Michigan will best serve the convenience of the parties, witnesses, and the interests of justice.

The analysis of the third prong of § 1404(a) is a case-by-case consideration, weighing fairness and convenience as it applies to both parties and the interests of justice. *United Airlines, Inc. v. Mesa Airlines, Inc.*, 8 F.Supp.2d 796, 798 (N.D. Ill. 1998). Private interests include: (1) plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) convenience to the witnesses and parties. *Id.* Simply because transfer of venue is possible, however, does not mean that it is warranted; a plaintiff's choice of forum is generally given great deference and a movant must demonstrate that the transfer is "clearly more convenient" for the parties. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-29 (7th Cir. 1986).

### B. Discussion

#### 1. *Convenience of the Parties*

Defendant concedes that it does business in Chicago and that the Northern District of Illinois is no more or less convenient than the Western District of Michigan, which is less than three hours away. (Def. Mem. at 10). The Plaintiff has limited mobility and is still undergoing rehabilitative treatment for his injuries resulting from the accident. Requiring Plaintiff to travel any farther than necessary is clearly less convenient for him.

Defendant's arguments about the potential improvement of Plaintiff's condition are unconvincing and conjecture. Accordingly, the convenience weighs in favor of Plaintiff.

### 2. *Plaintiff's Choice of Forum and Situs of the Accident*

Defendant acknowledges that Plaintiff's choice of forum is "entitled to significant deference," but contends that Plaintiff's choice "should be weighed equally with all of the other relevant issues." (Def. Mem. at 6). The mere presence of other factors relevant to § 1404(a) does not, by itself, diminish the significant deference accorded to the Plaintiff's choice. Defendant's case support for its contention emphasizes that "unless the balance *strongly* favors transfer, the plaintiff's choice of forum should not be disturbed." *Bousis v. Marriot, Int'l, Inc.*, 47 F. Supp. 2d 1004 (N.D. Ill. 1999). In *Bousis*, the court transferred the case but the situs of events was in San Francisco, California and the plaintiff's chosen forum was the Northern District of Illinois. Clearly, when the distance between the situs of events and the plaintiff's choice of forum involves cross-country travel for material witnesses, the plaintiff's choice of forum should receive little deference. However, the distance between the two forums in this case is only three hours, and the holding in *Bousis* does not apply to the present facts.

Defendant contends that the physical sources of proof are tied to Michigan, the accident site. Plaintiff responds that there is portable relevant evidence such as photographs, documentation, and

- 4 -

measurements taken by investigating police officers thus negating any need for jurors to actually visit the scene itself. Accordingly, the Plaintiff's choice of forum outweighs any need to be in the same District as the accident situs.

### 3. *Subpoena Power*

Defendant also argues that transferring venue to the Western District of Michigan would better secure the presence of material witnesses at trial. Defendant argues that since most of the material witnesses to the accident reside in Michigan, the subpoena power of the Western District of Michigan would be more effective in compelling the appearance of these witnesses. However, the witnesses are largely law enforcement officers, who will no doubt travel to Chicago to testify. Additionally, Plaintiffs could file a motion to extend the reach of this Court in order to compel appearance by those other witnesses. As Plaintiffs note in their response, several potential witnesses also reside in Illinois, including the Plaintiff's passenger the day of the accident and various health care professionals. These Illinois witnesses counterbalance Defendant's argument that most material witnesses reside in Michigan.

Further, both parties agree that the eyewitness testimony from Ms. Lyles will be important. Defendant offers several measurements to indicate that Lyles' home may be just inside or outside of this Court's subpoena power depending on the measuring technique, but that it is well within the Western District of Michigan's subpoena

power. The measurements are unpersuasive in light of Lyles' January 7, 2005 affidavit, in which she states that because she often travels to Chicago, if called to testify in this case, she would prefer to do so in the Northern District of Illinois. Therefore, any subpoena power concerns in this District are negligible.

### 4. Public Interest

Defendant contends that Michigan has a greater public interest in trying this case. Defendant argues that the situs of the accident and Plaintiff's initial course of medical treatment factor into Michigan's interest in maintaining safe highways. This argument, while not insignificant, is insufficient to overcome the other factors weighing in favor of keeping venue in the Northern District of Illinois.

Defendant also argues that Michigan residents should bear the burden of jury duty because jury duty should not be imposed "upon the people of a community which has no relation to the litigation." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). Illinois residents have an interest in the litigation because Plaintiff suffers the consequences of the accident in the community where he is a resident. Defendant also suggests that Michigan law will be applied in this case and that a Michigan court is better prepared to adjudicate the case. Even if Michigan law applies, this Court is frequently asked to interpret and apply Michigan law and is sure that it can do so competently in this case.

Finally, Defendant looks toward the relative congestion of the dockets of both courts. The Defendant's statistics indicate that while the Western District of Michigan may be faster than this District in some respects, the Northern District of Illinois is faster than Michigan in others. The differences are negligible, and do not demonstrate that the Western District of Michigan is clearly more convenient than this Court. The Northern District of Illinois is more than capable of providing swift, efficient justice, as the marginal difference between the two courts' dockets demonstrates. The public interest, therefore, does not favor transferring the case to Michigan. For the above reasons, Defendant's Motion to Transfer Venue is **denied**.

### III. **MOTION FOR DECLARATION OF CONTROLLING LAW**

The parties agree that one true conflict exists between the laws of Michigan and Illinois relevant to the outcome of this case. The failure to wear a seat belt, an affirmative defense raised by Defendant, is inadmissible evidence of contributory negligence in Illinois, 625 ILCS 5/12-603.1(c), but is admissible evidence of negligence and may reduce damage recovery by up to five percent in Michigan, MCLS § 257.710e. Defendant argues that Michigan law should control in this case. Plaintiff responds that the case is not yet ripe for a decision regarding the controlling law and that in any event, Illinois law should control.

## A. Standard

In a diversity jurisdiction case, a court applies the choice of law rules of the state where it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941); *Echo, Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995). In tort actions, Illinois courts employ the Second Restatement's "most significant relationship" test to determine which State's law applies under the Restatement. *Firkin v. U.S. Polychemical Corp.*, 835 F.Supp. 1048, 1050 (N.D. Ill. 1993); *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 739 N.E.2d 1263, 1269 (Ill. 2000). The test "seeks to find which state bears the most significant relationship to the occurrence and the parties involved in the action." *Miller v. Long Airdox Co.*, 914 F.2d 976, 978 (7th Cir. 1990). There is a presumption that the law of the state in which the injury occurred will govern unless another state has a more significant relationship to the occurrence or to the parties. *Id.*

The Second Restatement identifies four categories of contacts that the court should consider: "(a) the place where the injury occurred; (b) the place the conduct causing the injury occurred; (c) domicile, residence, . . . place of incorporation, and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered." Second Restatement § 145. These four categories must further be evaluated under the Second Restatement's general choice of law principals: (1) the needs of the interstate and international systems; (2) the relevant

policies of the forum, (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability, and uniformity of result; and (7) the ease in the determination and application of the law to be applied. *Id.* § 6; *Esser v. McIntyre*, 661 N.E.2d 1138, 1141-42 (Ill. 1996).

## B. Discussion

### 1. Ripe for Decision on Choice of Law

In the case at bar, the Court finds that the facts have been sufficiently developed for purposes of determining controlling law. Plaintiff argues that because the truck driver is still unknown and may be a potential defendant, the Court should hold off in determining the relevant controlling law. However, under federal diversity jurisdiction, if the truck driver is an Illinois resident, Plaintiff cannot join the driver and retain complete diversity. 28 U.S.C. § 1332. If the driver is a resident of any state other than Michigan, his joinder will not affect the Court's choice of law analysis under Illinois' "most significant relationship" test. Finally, if the driver is a Michigan resident, then the case for applying Michigan law will be strengthened further. Because the Court determines that Michigan law controls this issue, *see* discussion *infra*, the driver's residence is not significant.

## 2. Most Significant Relationship

Both the conduct that caused Plaintiff's injuries and Plaintiff's injuries occurred in Michigan. Therefore, there is a presumption that Michigan law applies to this case. Plaintiff cites to several automobile accident cases where courts have dismissed the presumption accorded to the accident situs by finding that the "place of injury may be largely fortuitous." (Pl. Mem. at 6-7). Defendant contends that because the icy condition of the Michigan highway was raised as an affirmative defense, the situs of the accident is not merely fortuitous.

The Court acknowledges that in some crash cases, courts have dismissed the presumption of *lex locus delecti* because of the fortuitous nature of the crash and have instead given more weight to other factors, such as domicile and relationship of the parties. *See, e.g., Miller v. Hayes*, 600 N.E.2d 34, 38 (Ill. App. 1992) (site of crash did not control because injury for wrongful death action occurred in the course of parties' relationship and common domicile); *Schulze v. Ill. Highway Trans. Co.*, 423 N.E.2d 278 (Ill. App. 1981)(parties' relationship and domicile centered outweighed situs contact); *Frydrych v. Wentland*, 652 N.W.2d 483 (Mich. App. 2002)(although Michigan was the site of the skiing accident, the common domicile and relationship of the parties outweighed were more significant). The facts in this case are distinguishable from the cases cited by Plaintiff. Here, the site of the accident was not wholly fortuitous because the slippery condition of the

Michigan highway may have played a role in the accident, as Defendant's Answer asserts an "Act of God" as an affirmative defense. (Am. Answer at 4). Also, unlike several of the cases Plaintiff cites, the parties do not share a common domicile or residence – Plaintiff is domiciled in Illinois and Defendant is incorporated and has its principal place of business in Nebraska – reducing the persuasive strength of Illinois' domiciliary interest. Accordingly, the Court does not find that the presumption in favor of the accident situs should be accorded less weight.

Plaintiff also argues that Illinois law should apply because it is the place of his domicile and bears a more significant relationship to the litigation than Michigan. Defendant corporation is not a domiciliary of either Illinois or Michigan. Defendant operates throughout North America, but is incorporated in Nebraska and maintains its principal place of business in that state. Because Plaintiff is an Illinois domiciliary and because the seatbelt laws at issue relate to apportioning liability, the state of Illinois has an interest in the litigation. If Michigan law were to apply to reduce the amount of Plaintiff's potential recovery, Illinois could bear a burden relating to the costs of Plaintiff's rehabilitation in that state. However, there is no common domicile between the parties to strengthen Illinois' interest and Plaintiff received more than three months of intensive hospitalized medical treatment in Michigan, which counterbalances Illinois' interest in applying its own seatbelt damage

apportionment law. Unlike the cases where the accident state has no connection or interest in the non-resident parties, Plaintiff received significant medical treatment in the situs state giving Michigan some interest in liability apportionment.

Defendant also argues that Michigan law should apply because the seatbelt law is related to the conduct and regulations of drivers on Michigan roads, regardless of their residence. *See Johnson v. Ford Motor Corp.*, 2003 WL 22317425, at *5 (N.D. Ill. Oct. 9, 2003)("Kentucky has an interest in promoting safety on its roads. Therefore, Kentucky's comparative negligence rule regarding seatbelt usage is appropriate to apply for this Kentucky accident."). Michigan does have an interest in regulating conduct on its roadways, but the seatbelt law at issue is not wholly conduct-regulating, it is also loss-allocating. Therefore, the Court finds that this argument strengthens Michigan's collection of interests, but does not control the issue.

The parties agree that their relationship is limited to the accident itself and therefore bears little significance to the choice of law analysis. Further, Defendant contends that the situs state law should control because that is what this Court decided in a similar factual situation in *Pierce v. System Transport, Inc.*, 2002 WL 73116 (N.D. Ill. Apr. 24, 2002). (Def. Reply Mem. at 3). In that case, the Court did not engage in a substantive choice of law analysis because both parties agreed that the situs state's law applied. *Pierce* is not applicable because in this case, the Court

does need to determine the most significant relationship, *see* discussion *supra*. Nonetheless, the Court finds that Plaintiff's Illinois domicile does not overcome the presumption of the situs state and that Michigan also has an interest in the present litigation with regard to liability damage apportionment. Therefore, Michigan law should control and Defendant's Motion for Declaration of Controlling Law is **granted**.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) is **DENIED** and Motion for Declaration of Controlling Law is **GRANTED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: March 3, 2005